1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
Keith Barnett, Bar No. 210436
keith.barnett@troutman.com
600 Peachtree Street, N.E.
Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000
Facsimile:  404.885.3900
Edward S. Kim, Bar No. 192856
edward.kim@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendants
GreenSky of Georgia, LLC
The Brand Banking Company
Synovus Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARTURO MADRIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREENSKY OF GEORGIA, LLC; THE BRAND BANKING COMPANY; SYNOVUS BANK; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:19-cv-979<br><br>**DEFENDANTS GREENSKY OF GEORGIA, LLC, THE BRAND BANKING COMPANY, AND SYNOVUS BANK'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Without waiving any defenses, Defendants GreenSky of Georgia, LLC

("GreenSky"), The Brand Banking Company ("Brand"), and Synovus Bank

("Synovus") (collectively "Defendants") hereby remove this civil action, pending in

the Superior Court of California, County of Los Angeles, entitled *Madriz, et al., v.*

TROUTMAN SANDERS LLP
600 PEACHTREE STREET, N.E., SUITE 3000
ATLANTA, GEORGIA 30308

*GreenSky of Georgia, LLC, et al.*, Case No. BC723006 (the "State Court Action"), to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332. As addressed below, the Court has jurisdiction over this matter because Plaintiff Arturo Madriz ("Plaintiff") and Defendants are completely diverse and Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In support of removal, Defendants states as follows:

## INTRODUCTION

1.       This action is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.       Plaintiff instituted the State Court Action by filing a complaint in the Superior Court of California, County of Los Angeles on or about September 21, 2018 (the "Complaint"). When the Complaint was filed, two of the named defendants, Green Nation Direct and Genesis Innovators, Inc., were citizens of California. GreenSky, Brand and Synovus were not, and have never been, California citizens. On January 16, 2019, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff served the FAC on January 23, 2019. In the FAC, the Plaintiff did not include the California citizens, Green Nation Direct and Genesis Innovators, Inc., as defendants.

3.       As required by 28 U.S.C. § 1446(a), a copy of all pleadings are annexed hereto. (*See* **Exhibit 1 through 6**).

## GROUNDS FOR REMOVAL

### I.       Complete Diversity Exists Between The Parties.

4.        At the time of the commencement of this action, Plaintiff was a resident of Madera, California. Accordingly, for diversity purposes, Plaintiff is a citizen of California.

5.        At the time of commencement of this action, none of the members of

Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308

GreenSky of Georgia, LLC were citizens of California.  As of today, none of the members are citizens of California.

6.    At the time of commencement of this action, the Brand Banking Company was not incorporated in California, nor was its principal place of business in California.  As of today, the Brand Banking Company is not incorporated in California, nor is its principal place of business in California.

7.    At the time of commencement of this action, Synovus Bank was not incorporated in California, nor was its principal place of business in California.  As of today, Synovus Bank is not incorporated in California, nor is its principal place of business in California.

8.    For the purposes of diversity, a limited liability company is a citizen of every state in which its members are citizens.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

9.    For the purposes of diversity, a corporation "shall be deemed a citizen not only of its State of incorporation but also 'of the State where it has its principal place of business.'"  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (quoting 28 U.S.C. § 1332(c)).

10.    The only remaining parties are Plaintiff and GreenSky, Brand, Synovus, and Does 1 through 50.

11.    Based on the foregoing, complete diversity of citizenship exists.

**II.    The Amount In Controversy Is Satisfied In This Case.**

12.    Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332, which provides that the district court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332.

13.    Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal of the action is proper

NOTICE OF REMOVAL TO FEDERAL COURT

TROUTMAN SANDERS LLP
600 PEACHTREE STREET, N.E., SUITE 3000
ATLANTA, GEORGIA 30308

TROUTMAN SANDERS LLP
600 PEACHTREE STREET, N.E., SUITE 3000
ATLANTA, GEORGIA 30308

1  on the basis of the amount in controversy if the district court finds, by a

2  preponderance of the evidence, that the amount in controversy exceeds $75,000.

3  *Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1338 (C.D. Cal. 2004).

4      14.     The Complaint seeks compensatory damages, statutory damages,

5  restitution, interest, costs, and attorney's fees.  As part of the damages sought by

6  Plaintiff, Plaintiff seeks actual damages and appropriate restitution to Plaintiff and

7  the putative class and statutory damages for purported violations of the Home

8  Solicitation Sales Act, Civil Code § 1689.5, *et seq.*, the Rosenthal Fair Debt

9  Collection Practices Act, Civil Code § 1788, *et seq.*, the Business and Professions

10  Code § 17200 *et seq.* (See **Exhibit 6**, p. 93, Amended Compl. ¶¶ 73-74, 84, 95-97,

11  107-108).

12      15.     Plaintiff believes the damages exceed the sum or value of $75,000.

13      **ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN MET**

14      16.     In addition to satisfying the requirements of diversity jurisdiction,

15  Defendants have satisfied all other requirements for removal.

16      17.     Venue of this removal is proper under 28 U.S.C. § 1441(a) because

17  this Court is the United States District Court for the district corresponding to the

18  place where the State Court Action is pending.  Removal of this case to the United

19  States District Court for the Central District of California does not constitute a

20  waiver by Defendants of their right to seek dismissal of this lawsuit.

21      18.     This Notice of Removal satisfies the requirements of § 1446(b)

22  because Defendants filed this Notice of Removal within 30 days of receiving notice

23  of Green Nation Direct and Genesis Innovators, Inc. being removed as defendants

24  from the case caption; thus, triggering complete diversity.  (*See* **Exhibit 6**).  *See*

25  *Lyons v. Gideon Toal Mgmt. Serv.*, No. CV 09-08342 MMM (FMOx), 2010 WL

26  11512224, at *2 (C.D. Cal. Apr. 12, 2010) (§ 1446(b) "provides a renewed thirty-

27  day removal period, however, if the original complaint is not removable.  This

28  period commences on the defendant's receipt of 'an amended pleading, motion,

NOTICE OF REMOVAL TO FEDERAL COURT

order or other paper from which it may first be ascertained that the case is one which is or has become removable....'" (quoting 28 U.S.C. § 1446(b)) (citing *Harris v. Banks Life & Cas. Co.*, 425 F.3d 689, 62 (9th Cir. 2005))).

19.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles, where this action is currently pending.  (See Notice of Filing of Notice of Removal attached hereto as **Exhibit 7**).

20.     Defendants remove this action to this Court without waiver of any defenses, procedural or substantive, that may be available.


Dated:     February 8, 2019          TROUTMAN SANDERS LLP


By:  /s/ Keith Barnett
Keith J. Barnett
Edward S. Kim

Attorney for Defendants
GreenSky of Georgia, LLC
The Brand Banking Company
Synovus Bank