1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
                                    FILED
                         CLERK, U.S. DISTRICT COURT

                              7/11/2019

                         CENTRAL DISTRICT OF CALIFORNIA
                         BY:      CW         DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| ARTURO MADRIZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GREENSKY OF GEORGIA, LLC; THE BRAND BANKING COMPANY; SYNOVUS BANK; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.  2:19-cv-00979-GW-SK<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    **A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information includes, but is not limited to, confidential business and financial information, information regarding confidential business practices, the personally identifiable information of Plaintiff and putative class members (including information implicating privacy rights), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

2.1    <u>Acknowledgment And Agreement To Be Bound, Certification, and Certifications</u>: the document which is entitled, Acknowledgment And Agreement To Be Bound, and which has been attached as **<u>Exhibit A</u>** to this Stipulated Protective Order.

2.2    <u>Action</u>: this pending federal law suit.

2.3    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.4    <u>"CONFIDENTIAL" Information or Items</u>: any non-public commercial, financial, or proprietary business information or personally identifiable information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    <u>Designating Party</u>: a Party or Non-Party that designates information and/or items that it produces in disclosures or in responses to discovery in this matter as "CONFIDENTIAL."

2.7    <u>Disclose, Disclosed, and Disclosure:</u> to reveal, divulge, give, or make available any items, information, and/or materials, or any part thereof, or any information contained therein.

2.8    <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9    <u>Expert</u>: a person with specialized knowledge and/or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this Action and who is not a current and/or

STIPULATED PROTECTIVE ORDER

former employee of an adverse Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13   Party: any and all parties to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Private Material and Private Materials: any Discovery Material that contains the names, contact information, phone numbers, birth dates, addresses, financial account numbers, social security numbers, credit information, and other personally identifiable information obtained from Plaintiff and the putative class members by virtue of and/or in the course of their dealings with Defendants.

2.15   Producing Party: a Party or Non-Party that produces Discovery Material in this Action.

2.16   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, and/or retrieving data in any form or medium; etc.) and their employees and/or subcontractors.

2.17   Protected Material: any Discovery Material that is designated as "CONFIDENTIAL," or that contains any Private Material.

2.18 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, and/or compilations of Protected Material; and (3) any testimony, conversations, and/or presentations by Parties and/or Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**4.    DURATION**

4.1    **Duration of Confidentiality Obligations.** Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.2    **Retention of Jurisdiction**. To the extent permitted by law, the Court shall at all times retain jurisdiction to enforce, modify, and/or reconsider the terms and provisions of this Stipulated Protective Order, even after the termination of this litigation.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    **Exercise Of Restraint And Care In Designating Material For Protection.** Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such

designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 **Manner And Timing Of Designations.** Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

> (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" conspicuously on any document that contains Protected Material.
>
> A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied

STIPULATED PROTECTIVE ORDER

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.

(b)     For testimony given in a deposition and/or in other pretrial proceedings, that the Party (i) identify on the record before the close of the deposition and/or other pretrial proceedings, or (ii) specify by written notice within twenty (20) days of receipt of the final transcript any portions of the testimony that qualify as Confidential.  When the Party identifies the protected testimony by written notice after the close of the deposition and/or other pretrial proceedings, the Party serving written notice shall specify the portions of the testimony as to which protection is sought.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container(s) in which the information and/or item is stored the appropriate legend ("CONFIDENTIAL").  If only portions of the information and/or items warrant protection, the Producing Party shall, to the extent practicable, identify the protected portions as Confidential

(d)     For electronically stored information that is produced in a format that does not permit the branding of the designation on the face of the document (e.g., native Excel files or database exports), the Confidential designation shall be made by including the legend "CONFIDENTIAL"

in the name of the file and by adding a metadata field in the load file with the same designation.

5.3 **Failures To Designate.** A failure to designate qualified information and/or items as Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. In the event that any information, document, and/or item that is subject to a Confidential designation is produced without such designation, the Designating Party that produced the material shall give written notice to the Receiving Party of such inadvertent production within ten (10) days of discovery of the production, together with a copy of the subject material designated as Confidential (the "Clawback Notice"). Upon receipt of such Clawback Notice, the Receiving Party shall promptly destroy the produced material and all copies thereof, and shall retain only the subject material designated as Confidential.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 **Timing Of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 **Meet And Confer.** The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    **Basic Principles.**  A Receiving Party may use Protected Material that is Disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and not for any business purposes or in connection with any other litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2    **Disclosure Of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA  30308-2216

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as **Exhibit 1** hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 **Procedures For Disclosure Of Protected Material To Experts.** Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, if the Receiving Party of the Protected Material seeks to Disclose to an Expert (as defined in this Stipulated Protective Order) any information and/or item that has been designated as Protected Material, it first must:

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

(a)     Ensure that the Expert has read this Stipulated Protective Order and has executed the Acknowledgment And Agreement To Be Bound; and

(b)     Ensure that the Expert has agreed not to Disclose the Protected Material to anyone who has not also agreed to be bound by the Acknowledgment And Agreement To Be Bound.

Provided the Receiving Party complies with the provisions of this Paragraph 7.4, the Receiving Party has no obligation to disclose the identity of any of its Experts pursuant to this Paragraph, but this Paragraph shall not affect any duty to disclose experts contained in applicable local rules or Federal Rules of Civil Procedure, by stipulation of the Parties, or by order of the Court.

7.4     **Redacting Private Materials.**  The Designating Party may redact portions of Private Materials from Discovery Material pursuant to this Stipulated Protective Order to prevent the disclosure of certain personally identifiable information.  However, upon certification, Private Material shall be made available as necessary for the purposes of class notice and trial.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel Disclosure of any information or items designated in this Action as "CONFIDENTIAL", that Party must:

(a)     Promptly notify in writing the Designating Party.  The Receiving Party must provide such notification as soon as is practicable and must use its best efforts to provide such notification within three (3) court days after receiving the subpoena or order.  When providing such notification to the Designating Party, the Receiving Party must include a copy of the subpoena or court order that would compel the Disclosure described herein;

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the information and/or items covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections;

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and

the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     Make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a)     Notify in writing the Designating Party of the unauthorized Disclosures;

(b)     Use its best efforts to retrieve all copies of the Protected Material;

(c) Inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Stipulated Protective Order; and

(d) Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 **Right to Further Relief**. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 **Right to Assert Other Objections**. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 **Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

STIPULATED PROTECTIVE ORDER

specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

\\

\\

\\

\\

\\

\\

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

**14.    VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:    July 11, 2019

TROUTMAN SANDERS LLP_

*/s/ Keith J. Barnett_____*

Counsel for Defendants

Dated:    July 11, 2019

KEMNITZER, BARRON, & KRIEG, LLP_

*/s/ Kristin Kemnitzer*_____*
*(*with express permission by Keith Barnett)*

Counsel for Plaintiff

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:    July 11, 2019

Honorable Steve Kim
United States Magistrate Judge

TROUTMAN SANDERS LLP
BANK OF AMERICA PLAZA
600 PEACHTREE STREET NE
SUITE 3000
ATLANTA, GA 30308-2216

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ *[print or type full name],* of _____ *[print or type full address],* declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order:

Date: _____

City And State *[Where Sworn And Signed]:* _____

Full Name *[Printed Or Typed]:* _____

Signature: _____